IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DENNIS FREDERICK SHELDON, ) | CIVIL ACTION NO. 9:13-0151-DCN-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| CAROLYN W. COLVIN,[1] ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein he was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

Plaintiff applied for Disability Insurance Benefits (DIB) benefits on July 30, 2009, alleging disability as of February 1, 2009 due to anxiety, severe back pain, a lumbar spine impairment, a herniated disc, bipolar disorder, panic attacks, major depression, hypertensive cardiovascular disease, hypertension, emphysema, sleep apnea, and high cholesterol. (R.pp. 208-214, 227-228). Following initial and reconsideration denials of Plaintiff's claim, as well as a hearing

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Commissioner Michael J. Astrue as the Defendant in this lawsuit.



before an Administrative Law Judge (ALJ), Plaintiff's claim was denied in a decision issued May 27, 2011.  (R.pp. 87-103).

Plaintiff requested Appeals Council review of the ALJ's decision, and in an Order dated October 11, 2011, the Appeals Council remanded Plaintiff's case to the ALJ for further evaluation of Plaintiff's mental impairment, his overall RFC including consideration of Plaintiff's obesity, and to obtain supplemental evidence from a Vocational Expert.  (R.pp. 104-107).  The ALJ then held a second hearing on March 30, 2012; (R.pp. 56-82); following which he issued a new decision on April 27, 2012, again finding that Plaintiff was not disabled.  (R.pp. 16-36).  The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commissioner.  (R.pp. 1-6).

Plaintiff then filed this action in this United States District Court, asserting that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for further consideration, or for an outright award of benefits.  The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that Plaintiff was properly found not to be disabled.

## Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980).  If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision.

2



Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)).

The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

## Discussion

A review of the record shows that Plaintiff, who was fifty (50) years old when he alleges he became disabled, has a high school equivalency degree (GED) with past relevant work experience as a glazer and safety manager. (R.pp. 40, 77, 208). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that he has an impairment or combination of impairments which prevent him from engaging in all substantial gainful activity for which he is qualified by his age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. After a review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff does suffer from the "severe" impairments[2] of degenerative disc disease of the lumbar spine, chronic obstructive

---

[2] An impairment is "severe" if it significantly limits a claimant's physical or mental ability to do basic work activities. See 20 C.F.R. § 404.1521(a); Bowen v. Yuckert, 482 U.S. 137, 140-142 (1987).



pulmonary disease (COPD), obesity, bipolar affective disorder, and panic disorder, thereby rendering him unable to perform his past relevant work, he nevertheless retained the residual functional capacity (RFC) to perform a reduced range of light work[3], was therefore not entitled to disability benefits. (R.pp. 21, 23, 29-30).

Plaintiff asserts that in reaching this decision, the ALJ erred by failing to properly weigh the medical evidence, failing to properly evaluate Plaintiff's subjective testimony as to the extent of his pain and limitations, failing to properly consider the VA disability determination that Plaintiff was unemployable, and by relying on flawed Vocational Expert testimony. After careful review and consideration of the evidence and arguments presented, the undersigned is constrained to agree with the Plaintiff that the ALJ failed to properly consider and evaluate the Veteran's Administration rating decisions of September 2008 and November 2009 in reaching his decision, thereby requiring a remand of this case for additional review.

The record reflects that the Department of Veteran's Affairs issued a rating decision for the Plaintiff on September 9, 2008 assigning Plaintiff a 50% disability rating for bipolar disorder with depression, a 10% disability rating for radiculopathy in Plaintiff's right lower extremity, a 10% disability rating for radiculopathy in Plaintiff's left lower extremity, and a 20% disability for chronic low back strain with painful motion. (R.pp. 736-741). Subsequently, a second VA disability rating was issued on February 17, 2010, in which Plaintiff's bipolar disorder with depression and psychotic features and panic disorder without agoraphobia, which was previously rated as 50% disabling, was

---

[3]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b) (2005).

4



increased to 70%, with his other disability ratings being continued. The VA then granted Plaintiff entitlement to individual unemployability effective November 13, 2009. (R.pp. 492-499).

While a VA disability determination is not binding on the SSA, it can nevertheless be entitled to substantial weight, and in determining whether a claimant is entitled to SSA disability benefits, an ALJ should explain the consideration given to a VA disability decision. Bird v. Commissioner of Social Security, 699 F.3d 337, 343-344 (4th Cir. Nov. 9, 2012) ["SSA must give substantial weight to a VA disability rating"]; see also SSR 06-03P, 2006 WL 2329939, at * 7 (SSA) [ALJ "should explain the consideration given to [the VA disability determination] in notice of decision . . ."]. However, the only reference made by the ALJ in his decision to the VA disability ratings is as follows:

> In a Veteran's Administration Rating Decision of September 2008, a finding of incompetency was proposed. I have considered this opinion; however, I give it little weight as there is no basis articulated for the opinion and the evidence of record does not support it.
>
> In a Veteran's Administration Rating Decision of November 2009, the claimant was found to have a service-connected disability, 70% for bipolar, 20% for his back and 20% for radiculopathy. I have considered this opinion but note that the rules followed by the VA regarding disability are different from the rules of the Social Security Administration. Therefore, I am not bound by their findings. Moreover, the decision does not explain how the claimant would be limited in performing work activity.

(R.pp. 27-28).

The ALJ did not discuss in any detail why or how the VA rating decisions were entitled to only limited weight, instead he simply dismissed the import of these decisions in a conclusory fashion. Cf. Kowalske v. Astrue, No. 10-339, 2012 WL 32967, at * 4 (W.D.N.Y. Jan. 6, 2012)[Noting that VA determination is itself entitled to at least some evidentiary weight in addition to the other record evidence, and that the adjudicator should explain the consideration given to this decision]; Jamiah



v. Astrue, No. 09-1761, 2010 WL 1997886, at * 16 (N.D.Ga. May 27, 2010)[Noting the significance of a VA determination, and that the ALJ must state specifically the weight accorded each item of evidence and the reason for his decision].

Moreover, the ALJ's decision was issued prior to the Fourth Circuit Court of Appeals decision in Bird, where the Court found that the Social Security Administration must give "substantial weight" to a VA disability rating. Bird, 699 F.3d at 343. The ALJ clearly did not do that in this case. While, even under Bird, the Commissioner may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate, the cursory review and discussion provided by the ALJ in his decision, while perhaps arguably sufficient before Bird, certainly fails to comply with the standard now set by Bird that the ALJ must "clearly demonstrate that such a deviation is appropriate". Id. at 344. Additionally, although it is certainly possible that the ALJ on remand "may give less weight to [the] VA disability rating [if a finding is made that] the record before the ALJ clearly demonstrates that such a deviation is appropriate", that is a finding that must be made by the ALJ, not by this Court in the first instance. Id. Therefore, the undersigned is unable to conclude whether the ALJ would have reached the same conclusion in light of the new Bird standard based on the record before this Court; cf. Wood v. Colvin, No. 12-3570, 2014 WL 607707 (D.S.C. Feb. 18, 2014); requiring remand of the case for a proper consideration of this evidence under the now updated standard of Bird. Bird, 699 F.3d at 343 ["SSA must give substantial weight to a VA disability rating"]; see also Stokes v. Astrue, No. 10-1129, 2012 WL 695856, at * 14 (N.D.NY. Mar. 1, 2012)[Finding that VA determination is material to the Commissioner's decision where the VA granted a claimant disability benefits based on a claim identical to the one presented to the ALJ].



With respect to the remainder of Plaintiff's claims of error in the ALJ's decision, on remand the ALJ will be able to reconsider and re-evaluate the medical evidence as part of the overall reconsideration of this claim. Hancock v. Barnhart, 206 F.Supp.2d 757, 763-764 (W.D.Va. 2002) [on remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted *de novo*].

## **Conclusion**

Based on the foregoing, and pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner with remand in Social Security actions under Sentence Four of 42 U.S.C. § 405(g), it is recommended that the decision of the Commissioner be **reversed**, with **remand** to the Commissioner for the purpose of a proper evaluation, discussion and findings with respect to the VA disability rating, and for such further administrative action as is deemed necessary and appropriate. See Shalala v. Schaefer, 113 S.Ct. 2625 (1993).

The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 31, 2014
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

8

