IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| DENNIS FREDERICK SHELDON,           )<br>                                                                  )<br>                                 Plaintiff,        )<br>                                                                  )<br>              vs.                                                )<br>                                                                  )<br>CAROLYN W. COLVIN, *Acting*          )<br>*Commissioner of Social Security*,         )<br>                                                                  )<br>                                 Defendant.     )<br>_____)   | No. 9:13-cv-0151-DCN<br><br><br><br>**ORDER** |

  This matter is before the court on a motion for attorney's fees filed by claimant Dennis Frederick Sheldon ("Sheldon") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Sheldon requests $7,098.41 in attorney's fees on the ground that he is a prevailing party under the EAJA. The Commissioner argues against the awarding of such fees, asserting that her position was substantially justified.

  Under the EAJA, a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or that special circumstances render an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because this court remanded to the administrative law judge ("ALJ") pursuant to 42 U.S.C. § 405(g), Sheldon is considered the "prevailing party" under the EAJA. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

  The government has the burden of proving that its position was substantially justified. Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991). Evaluating whether the government's position was substantially justified is not an "issue-by-issue analysis" but an examination of the "totality of circumstances." Roanoke River Basin Ass'n v.

1

Hudson, 991 F.2d 132, 139 (4th Cir. 1993); see also Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation."). "The government's position must be substantially justified in both fact and law." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). There is no presumption that losing the case means that the government's position was not substantially justified. Crawford, 935 F.2d at 656.

In this case, the Commissioner initially defended the ALJ's decision by filing a memorandum in support thereof. The magistrate judge recommended that the ALJ had failed to adequately discuss the weight given to two VA ratings in violation of Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337 (4th Cir. 2012),[1] and that the case should therefore be remanded. The Commissioner indicated that she would not file objections to the magistrate judge's report and recommendation. On April 7, 2014, this court adopted the report and recommendation and remanded the case for further administrative proceedings.

The Commissioner contends that her initial defense of the ALJ's decision was substantially justified, even in light of Bird. In Bird, the Fourth Circuit held that

> in making a disability determination, the SSA must give substantial weight to a VA disability rating. However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, an ALJ may give less weight to a VA disability

---

[1] Bird was decided after the ALJ issued his decision but before the Appeals Council denied review.

> rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate.

699 F.3d at 343.

In her memorandum in support of the ALJ's decision, the Commissioner acknowledged that the ALJ was required to consider the VA ratings and that, after Bird, the default weight assigned to any VA rating is "substantial weight." Comm'r's Mem. 27. However, the Commissioner argued that the ALJ complied with Bird by discussing the VA disability determinations and setting out the reasons that caused him to give them less than substantial weight. Id. at 27-28. The ALJ's opinion stated:

> In a Veteran's Administration Rating Decision of September 2008, a finding of incompetency was proposed. I have considered this opinion; however, I give it little weight as there is no basis articulated for the opinion and the evidence of record does not support it.
>
> In a Veteran's Administration Rating Decision of November 2009, the claimant was found to have a service-connected disability, 70% for bipolar, 20% for his back and 20% for radiculopathy. I have considered this opinion but note that the rules followed by the VA regarding disability are different from the rules of the Social Security Administration. Therefore, I am not bound by their findings. Moreover, the decision does not explain how the claimant would be limited in performing work activity.

Tr. 27-28.

The court is not persuaded by the Commissioner's argument. First, because Bird had not yet been decided, the ALJ presumably did not approach the VA ratings from the proposition that such ratings must generally be given "substantial weight." The Fourth Circuit acknowledged in Bird that it "ha[d] not previously addressed the precise weight that the SSA must afford to a VA disability rating," 699 F.3d at 343, and nothing in the ALJ's decision indicates that he considered substantial weight to be the default weight given to VA ratings. Moreover, the ALJ's cursory discussion of the weight given to the

VA ratings fails to "clearly demonstrate[]" that a deviation from the substantial weight default was appropriate.  See id.

Quite simply, through no fault of his own, the ALJ failed to anticipate and apply a rule of law which had not yet been articulated by the Fourth Circuit.  Therefore, the court finds that the government has not met its burden of showing that its position was substantially justified.  The court does not find any special circumstances that make an award of attorney's fees unjust.  Therefore, the court **GRANTS** Sheldon's motion and awards fees in the amount of $7,098.41.[2]

**AND IT IS SO ORDERED**.

                                       **DAVID C. NORTON**
                                       **UNITED STATES DISTRICT JUDGE**

**May 16, 2014**
**Charleston, South Carolina**

---

[2] Sheldon seeks an award of $7,098.41 based on 38.1 attorney work hours at a rate of $186.31 per hour.  See Pl.'s Mot. Ex. A.  This rate is based on the statutory rate plus a cost of living increase pursuant to the Consumer Price Index.  Id.  The Fourth Circuit has noted that the CPI is an appropriate tool to utilize in calculating a cost of living rate adjustment to a statutory fee.  See generally Sullivan v. Sullivan, 958 F.2d 574 (4th Cir. 1992).  Defendant does not object to the amount requested by plaintiff.  Accordingly, the court finds the amount requested is reasonable.  Although Sheldon has executed an affidavit that assigns her fee award to her attorney, the EAJA requires attorney's fees to be awarded directly to the litigant.  Astrue v. Ratliff, 130 S. Ct. 2521, 2527 (2010) ("EAJA fees are payable to litigants"); Stephens v. Astrue, 565 F.3d 131, 139 (4th Cir. 2009) ("[T]he plain language of the EAJA provides that attorney's fees are payable to the prevailing party-in this case the Social Security claimants-and not the attorney.").  This court has held that EAJA fees are payable to a plaintiff even where she has attached an affidavit assigning her rights in the fee award to counsel.  See, e.g., Whites v. Astrue, No. 8:10-cv-3302, 2012 WL 5867149, at *2 n.1 (D.S.C. Nov. 19, 2012).  The court therefore grants attorney's fees to Sheldon, not his attorney, in the amount of $7,098.41.